UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. :9:16cv81728

FARMER & IRWIN CORPORATION, a Florida Corporation,

    Plaintiff,

vs.

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Florida Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff FARMER & IRWIN CORPORATION ("Farmer & Irwin"), through undersigned counsel, sues Defendant TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA ("Surety"), and alleges it is entitled to relief based upon the following facts:

### Subject Matter Jurisdiction and Venue

1. This is an action to recover monies owed to a subcontract pursuant to the Miller Act, 40 U.S.C. §3131 et seq.

2. This Court has exclusive jurisdiction over the claim, pursuant to 40 U.S.C. § 3133, which seeks to recover on a statutory payment bond pursuant to the Miller Act.

3. Venue is proper in this Court under 40 U.S.C. § 3133(b)(3)(B) because the work for which this subject payment bond was provided was located in the Southern District of Florida, and under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim arose in Palm Beach County, Florida.

**Parties**

4. Plaintiff Farmer & Irwin is a Florida corporation with its principal place of business in Palm Beach County, Florida.

5. Defendant Surety is, upon information and belief, a foreign corporation authorized to do business in Palm Beach County, Florida.

**General Allegations**

6. Sometime prior to April 3, 2013, Non-Party Blackhawk-Jamco, a SDVOB Joint Venture ("Blackhawk"), entered into a written contract with the United States Army Corps of Engineers("Owner") to act as the general contractor for the project known as West Palm Beach – Army Reserve Center at Town of Lake Park, Florida (the "Project"). Farmer & Irwin does not have a copy of the prime contract but will obtain it through discovery.

7. In connection with the prime contract, and pursuant to 40 U.S.C. §3133, Blackhawk, as principal, and Surety, as surety, executed and delivered their payment bond (the "Bond") for the improvements to the Project. A true and correct copy of the Bond is attached hereto as **"Exhibit A."**

8. Thereafter, sometime prior to April 3, 2013, Blackhawk entered into a written subcontract with Non-Party Manhattan Construction (Florida), Inc. ("Manhattan") to furnish certain labor, services and materials to the Project. Farmer & Irwin does not have a copy of the subcontract but will obtain it through discovery.

9. On or about April 3, 2013, Manhattan entered into a written sub-subcontract (the "Sub-Subcontract") with Farmer & Irwin to furnish certain improvements to the Project, attached without exhibits as **"Exhibit B."**

10. The total value of labor, services and materials furnished y Farmer & Irwin to the Project was $1,136,158.27. Farmer & Irwin fully performed its scope of work under the Sub-Subcontract, and its work was accepted by Manhattan and Blackhawk.

11. Notwithstanding this, Manhattan materially breached the Sub-Subcontract by failing to pay Farmer & Irwin in full for all labor, services and materials furnished to the Project. Specifically, $135,083.90 remains due and owing Farmer & Irwin.

12. In accordance with 40 U.S.C. §3133(b)(2), Farmer & Irwin furnished Notice of Non-Payment to Surety within ninety days of the date of its final furnishing of labor, services and materials to the Project, attached as **"Exhibit C."**

13. As evidenced by the Notice of Non-Payment, Farmer & Irwin demanded that Surety pay the outstanding amount due for work performed under the Sub-Subcontract. Notwithstanding Farmer & Irwin's demand, Surety has failed to comply with its obligations under the Bond and satisfy the claim.

14. As a direct and proximate result of Surety's failure to pay money due under the Bond, Farmer & Irwin has been damaged. Specifically, Surety is liable to Farmer & Irwin for the $135,083.90 balance due under the Sub-Subcontract.

15. Farmer & Irwin timely provided notice of non-payment to Surety and Contractor in accordance with 40 U.S.C. §3133(b)(2) "within ninety days from the date it last performed labor or furnished or supplied the last of the material for which the claim is made."

16. In addition, Farmer & Irwin has timely filed the subject Miller Act action in accordance with 40 U.S.C. §3133(4) "no later than one year after the date on which the last of the labor was performed or material was supplied by the person bringing the action."

17. Farmer & Irwin has retained the firm of Linkhorst & Hockin, P.A., and Surety is liable for all attorney fees incurred in filing the instant action, pursuant to Florida Statutes §627.428 and §627.756.

18. All conditions precedent to this action have been performed, waived or otherwise excused.

**WHEREFORE**, Plaintiff Farmer & Irwin Corporation demands judgment against Defendant Travelers Casualty & Surety Company of America for $135,083.90, plus interest, costs, attorney fees and any further relief the Court deems proper.

Dated this 13th day of October, 2016.

        Linkhorst & Hockin, P.A.
        *Attorney for Plaintiff Farmer & Irwin Corp.*
        4495 Military Trail, Suite 106
        Jupiter, FL 33458
        561-626-8880 / 561-626-8885 (Fax)
        acl@floridahardhatlaw.com
        jah@floridahardhatlaw.com
        service@floridahardhatlaw.com

By: __/s/ John A. Hockin_____
     ADAM C. LINKHORST; FBN: 55379
     JOHN A. HOCKIN, FBN: 174051