IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| For the use and benefit of § | |
| FARMER & IRWIN INCORPORATED, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 9:16-cv-81728 |
| § | |
| TRAVELERS CASUALTY AND § | |
| SURETY COMPANY OF AMERICA, § | |
| § | |
| Defendant. § | |

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S
UNOPPOSED MOTION FOR STAY OF LITIGATION PENDING ARBITRATION**

Defendant Travelers Casualty and Surety Company of America ("Travelers"), files this Unopposed Motion for Stay of Litigation and would show as follows:

### I.    FACTUAL AND PROCEDURAL HISTORY

1.    Farmer & Irwin Incorporated ("Farmer & Irwin"), a subcontractor to Manhattan Construction Company ("Manhattan") and a second-tier subcontractor to Blackhawk Jamco, a SDVOB Joint Venture ("Blackhawk"), provided certain HVAC/plumbing services for the West Palm Beach Army Reserve Center Project (the "Project") in West Palm Beach, Florida. *Complaint ¶¶ 6, 8, 9* [DE 1].  Travelers issued a payment bond on behalf of Blackhawk for the Project.  Farmer & Irwin seeks damages from Travelers under the payment bond for amounts Blackhawk and, in turn, Manhattan allegedly failed to pay for labor and materials delivered to the Project. *Complaint ¶¶ 7* [DE 1].

2.    Significantly, Blackhawk and Manhattan are not parties to this litigation. Instead, Blackhawk and Manhattan are currently involved in arbitration regarding the exact same facts,

circumstances, and alleged complaints Farmer & Irwin brings here against Travelers. *See true and correct copy of Demand for Arbitration and Blackhawk-Manhattan Subcontract attached hereto as Composite Exhibit A.* In fact, pursuant to the subcontract agreement between Blackhawk and Manhattan (the "Subcontract Agreement"), they agreed that if **any dispute** arose out of or related to the subcontract agreement, they agreed to submit to binding arbitration. *Exhibit A.* The arbitration proceeding is pending in San Antonio, Texas with claims being asserted by both parties. *See generally Exhibit A.* On one hand, the damages being sought by Manhattan in the arbitration include the damages being sought by Farmer & Irwin in this case. On the other hand, Blackhawk seeks delay damages from Manhattan that, if successful, may result in Manhattan passing those damages through to Farmer & Irwin with a finding that Farmer & Irwin caused those delays, in whole or in part. Blackhawk and Manhattan have agreed to conduct the arbitration hearing in October 2017. *See true and correct copy of the Arbitration Schedule attached hereto as Exhibit B.*

3.  The sub-subcontract agreement between Manhattan and Farmer & Irwin also provides for binding arbitration in the event of a dispute between them. *See true and correct copy of the Sub-subcontract attached hereto as Exhibit C.* Rather than pursue claims against Manhattan in arbitration or request to be joined as a party in the Blackhawk-Manhattan arbitration, Farmer & Irwin initiated this litigation against Travelers.

4.  The recovery Farmer & Irwin seeks in this case is part of the **same recovery** Manhattan seeks in its arbitration with Blackhawk. *Exhibit A.* By allowing Farmer & Irwin to proceed in this case ahead of the arbitration, Travelers will be highly prejudiced in that it raises the specter of a potential windfall of Farmer & Irwin if it prevails in this case while Manhattan prevails in the arbitration. Additionally, proceeding in this lawsuit while the arbitration moves

forward on the same claim for the same work creates risk of inconsistent judgments. For example, the arbitrator may decide that Blackhawk was entitled to withhold some or all the amounts being sought by Farmer & Irwin while in this action the fact finder determines that Farmer & Irwin was entitled to payment in full. Under those circumstances, Travelers would become liable for obligations that Blackhawk, the principal of Travelers, had been relieved. To mitigate against the risks of potential double recovery and inconsistent judgments, and safeguard the resources of this Court, the parties, and potential jurors, this matter should be stayed until after the arbitration has been completed.

## II.   MEMORANDUM OF LEGAL AUTHORITY

### A.   The Standard for Granting a Motion to Stay

The power to stay proceedings is part of the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (hereinafter, "*Landis*"). Deciding whether to stay litigation is discretionary. *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1289 (11th Cir. 1982). The burden of demonstrating the wisdom of a stay is on the moving party. *Landis*, 299 U.S. at 255.

In considering a motion to stay, the court must weigh competing interests and maintain an even balance. *Landis,* 299 U.S. at 254-55. In determining how to exercise its discretion with respect to a motion to stay, a court considers such factors as: (1) the length of the stay requested, (2) the "hardship or inequity" that the moving party would face in going forward with the litigation if the motion was denied, (3) the injury that a stay would inflict upon the opposing party if the motion was granted, and (4) whether a stay will simplify issues and promote judicial economy. *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 2010 WL

1213367 at *3 (D.Del. 2010) *citing Landis,* 299 U.S. at 254-55.

*Landis* was a watershed case in which the U.S. Supreme Court evaluated various Holding Company Act cases between the Plaintiff (a non-registered holding company) and members of the Securities and Exchange Commission, the U.S. Attorney General, and the Postmaster General. *Landis,* 299 U.S. at 256. However, the validity of the Holding Company Act was in question in a separate litigation. *Id*. at 251. The Court reasoned that the outcome of the concurrent case challenging the validity of the Holding Company Act would likely simplify and settle many factual disputes present in the *Landis* case. *Id*. at 256. Thus, the Court held that the lower court should consider a stay under the four-pronged framework articulated above. *Id*. at 259.

While the Defendants believe the *Landis* standard applies, the U.S. District Courts of Florida have utilized even more liberal principles when related arbitration proceedings may affect the outcome of the litigation. In *St. Paul Fire & Marine Ins. Co., Inc. v. La Firenza, LLC*, 2007 WL 2010759 (M.D. Fla. 2007), the court considered a motion to stay in a declaratory judgment action concerning a performance bond that incorporated by reference a construction contract between La Firenza (the project owner) and Core (the prime contractor, and St. Paul's principal). Concurrent with the declaratory judgment action, La Firenza and Core were engaged in arbitration on the construction contract incorporated into the bond. *Id*. at *3. La Firenza moved to stay further proceedings pending the resolution of the arbitration, and the court considered the significance of the arbitration proceeding in ruling on that motion. *Id*. at *5.

The court acknowledged that Florida courts have stayed litigation pending the completion of arbitration where it cannot be said that "resolution of the arbitrable claims will have no effect" on the pending litigation. *Id*. at *7 (*citing Am. Int'l Group, Inc. v. Cornerstone Bus., Inc.*, 872

So.2d 333, 338 (Fla. 2d DCA 2004); *Okeelanta Corp. v. U. S. Sugar Corp.*, 712 So.2d 814, 815 (Fla. 2d DCA 1998)).  The Court further acknowledged that when the claims in litigation are "based on the same operative facts and are inherently inseparable" from arbitrable claims, a stay is appropriate.  *Id*. (*citing Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000)).  In the event that arbitration resulted in favor of Core, the declaratory relief St. Paul sought in the action would become unnecessary.  Thus, it could not be said that the resolution of the arbitrable claims would have no effect on the action.  *Id*. at *8.  The Court also concluded that there was no prejudice to St. Paul in staying the action until the resolution of the arbitration proceeding.  *Id*. Without utilizing any rigorous multi-factor test, the court granted the Motion to Stay pending resolution of arbitration.  *Id*. at *12.

Under the bond, Travelers can only be obligated to perform under its bond to the extent that its principal, Blackhawk, is obligated under the construction contract. *Bear v. Duval Lumber Co.*, 112 Fla. 240 (Fla. 1933). If Blackhawk has defenses to Farmer & Irwin's pass through claims, then those defenses are available to the surety. *Id.*  Farmer & Irwin's entitlement is dependent on Manhattan's entitlement, an issue to be decided in the arbitration.

### B.  A Stay is Warranted in this Case

Whether the Court utilizes the *Landis* factors or the more permissive approach employed in *La Firenza*, the facts in this case clearly support a stay until arbitration between Manhattan and Blackhawk is complete.

1. <u>The length of the stay is reasonable.</u>

Defendants are only requesting a stay until such time as the arbitration between Manhattan and Blackhawk has concluded.  There is certainty in requesting that the stay be tied to the termination of the related arbitration proceeding, less than a year from now, in October of

2017.  This is the shortest stay that would achieve any meaningful result.

    2. <u>Travelers will suffer hardship and inequity if the Court denies the stay.</u>

Florida law favors arbitration as a matter of public policy, and broad arbitration provisions should be construed in favor of allowing arbitration of the disputed subject matter. *O'Keefe Architects, Inc. v. CED Constr. Partners, Ltd.*, 944 So.2d 181, 185–86 (Fla.2006). [A]ny time a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Beaver Coaches, Inc. v. Revels Nationwide R.V. Sales, Inc.*, 543 So.2d 359, 362 (Fla. 1st DCA 1989) (*quoting AT&T Techs., Inc.*, 475 U.S. at 650, 106 S.Ct. 1415).  In this instance, based on the Subcontract Agreement and based on the broad language of the dispute resolution provision which applies to all disputes arising out of or relating the Subcontract Agreement, this Court should afford heavy deference to the agreement to arbitrate. While Travelers and Farmer & Irwin are currently not parties to the arbitration provision discussed herein, this Court should stay *all* claims in this matter if the issues presented in the litigation between Farmer & Irwin and Travelers may render the arbitration redundant, or lead to inconsistent results, and thwart the policy favoring arbitration.

If the stay is denied, the Defendants will be forced to litigate damages whose existence and quantum will not and cannot be ascertained until the conclusion of the arbitration. Farmer & Irwin admits in its Complaint that the current lawsuit relates to Manhattan's refusal to pay Farmer & Irwin.  In other words, Farmer & Irwin acknowledges that the only issue in dispute in the lawsuit is Farmer & Irwin's request for payment **from Manhattan** for work Farmer & Irwin alleges it completed on the Project. It simply cannot be disputed that the lawsuit arises out of the

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S**
**UNOPPOSED MOTION FOR STAY OF LITIGATION**      **Page 6**

rights and obligations enumerated in the Subcontract Agreement and therefore, the proper forum for this dispute is the currently on-going arbitration between Blackhawk and Manhattan. A stay is appropriate here as it would be detrimental to the arbitration if this case is permitted to move forward as it involves the same operative facts, the same claimed damages as to Farmer & Irwin, and the litigation could critically impact the arbitration.

3. <u>Farmer & Irwin would not be injured by the stay</u>.

Staying the instant litigation would not injure Farmer & Irwin. In fact, it is quite possible that Farmer & Irwin would benefit from the stay. As discussed above, Farmer & Irwin claims entitlement which is already included in Manhattan's claim in the arbitration. Assuming the Court grants the stay, in the event Manhattan is successful at arbitration and then Farmer & Irwin resumes the present litigation, it would not have wasted its resources attempting to prove that it is entitled to payment, as it currently must do.

Additionally, because arbitration typically moves forward more quickly, and at a lower cost, than litigation, it is altogether likely that the arbitration would be resolved prior to this litigation. Accordingly, because a valid, enforceable arbitration agreement exists here and the claims asserted fall within the scope of the agreement, and because Farmer & Irwin's requested relief is the subject of a valid Subcontract Agreement that expressly addresses the subject matter of this lawsuit, this Court should stay all proceeding pending resolution of Farmer & Irwin's claims, subsumed in the claims of Manhattan, through arbitration.

4. <u>The stay will simplify issues and promote judicial economy.</u>

For the same reasons that the parties would benefit from the stay (*i.e.*, avoiding the use of resources prosecuting or defending liability or damages that may never manifest), the Court will also benefit from not having to preside over the litigation of issues that may become entirely

irrelevant.

     5. <u>The issues being arbitrated are based on the same operative facts and are inherently inseparable from the issues being litigated herein.</u>

It is undeniable that the arbitration between Manhattan and Blackhawk and the present action involve the same core facts, the same claims, and the same alleged damages. As noted repeatedly throughout this motion, the two proceedings almost entirely overlap on the issue of the damages claimed by Farmer & Irwin. The substantial nexus between the issues and facts being determined in the current litigation and arbitration satisfy all principles articulated under *Landis* and *La Firenza* that would warrant a stay. There are no countervailing principles that would weigh against a stay.

## CONCLUSION

When the issues presented in an on-going arbitration directly and substantially impact the issues in a concurrent litigation, courts ought to stay the litigation until the arbitration has been completed. This approach conserves the parties' resources, as well as the court's. The Supreme Court, in *Landis*, articulated a balancing test for the courts to use when weighing such a request. When that test is applied in this case, it overwhelmingly favors staying this litigation until Manhattan has completed its arbitration with Blackhawk. The near-identity of issues and damages in the arbitration and this litigation demonstrates the wisdom of staying the litigation until the arbitration is complete. For that reason, the Defendants respectfully request that the Court grant this motion, and stay further proceedings in this litigation until the arbitration is complete.

*Prayer*

Travelers Casualty and Surety Company of America asks this Court to stay this litigation pending the outcome of the Blackhawk-Manhattan arbitration proceeding, and that Travelers Casualty and Surety Company of America recover such other and further relief both at law and in equity to which it may show itself justly entitled.

Respectfully submitted,

**WATT TIEDER HOFFAR & FITZGERALD**

By: */s/ Mariela M. Malfeld*
    Mariela M. Malfeld
    Florida Bar No.: 53084
    1200 Brickell Avenue, Suite 1950
    Miami, Florida 33131
    Phone: (305) 777-3572
    Facsimile: (786) 693-7797
    mmalfeld@watttieder.com

- And -

**WEINSTEIN RADCLIFF PIPKIN LLP**

    Gregory M. Weinstein
    *Admitted Pro Hac Vice*
    Texas State Bar No. 21096430
    8350 North Central Expressway
    Suite 1550
    Dallas, Texas 75206
    Phone: (214) 865-6126
    Facsimile: (214) 865-6140
    gweinstein@weinrad.com

**ATTORNEYS FOR TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that she spoke with Mr. John Hockin about the content of this Motion on December 6, 2016. Mr. Hockin noted that Plaintiff does not oppose the Motion.

                                      */s/ Mariela M. Malfeld*
                                      Mariela M. Malfeld

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the following pursuant to the Federal Rules of Civil Procedure on this the 19th day of December 2016.

Adam C. Linkhorst
John A. Hockin
Linkhorst & Hockin, P.A.
4495 Military Trail
Suite 106
Jupiter, Florida 33458
acl@floridaharhatlaw.com
jah@floridahardhatlaw.com

*Attorneys for Plaintiff*

                                      */s/ Mariela M. Malfeld*
                                      Mariela M. Malfeld